UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

LEEANN MARIE COX,                )
                                 )
        Plaintiff                )
                                 )
v.                               )    No. 2:10-cv-26-DBH
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social Security, )
                                 )
        Defendant                )

# REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") appeal contends that the administrative law judge committed reversible error by not considering the effect of her obesity "in any meaningful manner," by rejecting certain portions of the records of her treating providers, and by improperly concluding that she could perform certain past relevant work. I recommend that the decision of the commissioner be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from obesity, carpal tunnel syndrome, fibromyalgia, migraine headaches, disorder of the back, affective disorder, and anxiety disorder, impairments that were severe but which, considered alone or in

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 15, 2010, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

any combination, did not meet or medically equal the criteria of any of the impairments listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record (Docket No. 9) at 9-10; that she retained the residual functional capacity ("RFC") to perform light work, except that she could only engage frequently in gross and fine manipulation, could not reach bilaterally overhead, had occasional limitations in balancing, stooping, kneeling, and crouching, had a marked inability to crawl, tolerate hazards, and tolerate extreme cold, must avoid ladders, ropes, and scaffolds, and must not work at unprotected heights or with vibrations, Finding 5, *id.* at 11; that she was capable of performing her past relevant work as a rehabilitation trainer, wait person, cashier, telephone solicitor, and fast food cook, Finding 6, *id.* at 15; and that she had, therefore, not been under a disability as that term is defined in the Social Security Act at any time from the alleged date of onset, June 18, 2007, through the date of the decision, September 14, 2009, Finding 7, *id.* at 17-18. The Decision Review Board did not complete its review of the claim during the time allowed, *id.* at 2-4, making the decision the final determination of the commissioner. 20 C.F.R. § 405.420(a).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the

commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(f), 416.1520(f); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

The appeal also implicates Step 3 of the sequential evaluation process. At Step 3, a claimant bears the burden of proving that his or her impairment or combination of impairments meets or equals one of the Listings, 20 C.F.R. § 404.1520(d); *Dudley v. Secretary of Health & Human Servs.*, 816 F.2d 792, 793 (1st Cir. 1987). To meet a listing, the claimant's impairments must satisfy all criteria of that listing, including required objective medical findings. 20 C.F.R. § 404.1525(c)(3). To equal a listing, the claimant's impairments must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a).

## Discussion

### A. Step 3

The plaintiff contended in her written statement that the administrative law judge did not consider the possible effects of her severe impairment of obesity on the question of whether her "conditions meet a Listing." Plaintiff's Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 16) at [2]. However, she did not suggest what relevance her obesity would have to any particular Listing and, therefore, did not make a showing that any error by the administrative law judge in this regard would be anything other than harmless. She alleged that the administrative law judge failed to "mention [] the factors that are identified in SSR 02-01p," *id*. at [3], but, again, without any indication of how mention of those factors would have required the administrative law judge to find that any one or more of her severe impairments met a

3

particular Listing. That is not enough to justify remand. *See Belanger v. Barnhart*, No. 06-13-B-W, 2006 WL 3519307, at *4 (D. Me. Dec. 6, 2006).

At oral argument, the plaintiff's attorney disclaimed any attempt to establish that her obesity contributed to a necessary finding that she met any particular Listing at Step 3, and I will accordingly devote no further analysis to this issue.

The plaintiff's assertion that "it is clear that her severe obesity impacts and worsens her functional limitations and inability to perform any of her past relevant work or any other SGA work[] at Step 4," *id*. at [3], is discussed in the Step 4 analysis below.

### B. Treating Providers

The plaintiff next faults the administrative law judge for engaging in "selective evaluation" of her medical records, rather than "considering the opinions of these providers in totality." Itemized Statement at [3]. She refers specifically to reports of Dr. John Boothby, Dr. Jeffrey Ray, and Margaret Braga. *Id*. at [3]-[5]. But, again, she does not suggest how any of the conclusions of these providers, which she asserts should have been "credited" by the administrative law judge, would necessarily lead to a different outcome in her case.

First, it is basic Social Security law that an administrative law judge may draw from several different sources in the record to support his or her conclusions at any stage of the evaluative process; there is no requirement that he or she adopt the entire report of a single medical provider. *Evangelista v. Secretary of Health & Human Servs.*, 826 F.2d 136, 144 (1st Cir. 2007); *Eshelman v. Astrue*, No. 06-107-B-W, 2007 WL 2021909, at *3 (D. Me. July 11, 2007).

Next, with respect to Dr. Boothby, the plaintiff states that the administrative law judge "ignored" his office note dated July 6, 2009, which she apparently considers to be inconsistent

4

with the administrative law judge's reliance on an earlier office note. Itemized Statement at [3]. The administrative law judge wrote:

> John Boothby, M.D., a treating internist, treated the claimant's migraine with medication: Amitriptyline and Hydrocodone. Exhibit 21F. He noted clinical examination of the claimant established neurological symptoms within normal limits: normal fundi, visual fields, pupils and EOMs, as well as coordination of the arms without any drift. By January 2009 the treating internist, Jeff Ray, D.O., concluded the claimant's migraine was stable, with "tolerable" daily headaches. Exhibit 24 F-11.

Record at 13.

Dr. Boothby's clinical examination took place on August 15, 2008. *Id*. at 404. He did see the plaintiff again on July 6, 2009, *id*. at 650-51, but all that the plaintiff relies on from Dr. Boothby's July 6, 2009, letter to Dr. Ray, Itemized Statement at [3], is her own report of symptoms. That is not acceptable medical evidence in any case, 20 C.F.R. § 404.1529(a), so the fact that the plaintiff's description of her own symptoms might be interpreted as inconsistent with a physician's earlier findings upon clinical examination is not significant for analysis of Social Security claims.

With respect to Dr. Ray, the plaintiff contends that the administrative law judge's reliance on an office note dated October 16, 2008 "ignores Dr. Ray's records of his treatment of Plaintiff on April 14, 2009[.]" Itemized Statement at [3]. This is an apparent reference to the last sentence of the paragraph quoted from the record above, which in turn refers to pages 510-12 in the administrative record.[2] That record lists migraine last of 13 "chronic problems," adding "unspecified without mention of intractab[ility][,]" and later, under the heading "Chronic Problems Addressed Today, notes "Status: Stable[]" and as "[a]dditional information" states "Has seen Dr. Boothby elavil and relpax after stops breast feeding." Record at 510.

---

[2] Despite the administrative law judge's assertion that this record was dated in January 2009, Record at 13, page 11 of Exhibit 24F is in fact dated October 16, 2008, *id*. at 510.

5

The exhibit cited by the plaintiff in support of her assertion about Dr. Ray's treatment record "on April 14, 2009," Exhibit 26F, Itemized Statement at [3], is dated June 30, 2009. Record at 626. The index to the administrative record does not list any records from Dr. Ray that include April 14, 2009. Docket No. 9-1. I am, therefore, unable to evaluate the material in quotation marks which the plaintiff assigns to that date in Dr. Ray's records.

It is most likely that the reference to "severe mig[ra]ines" on which the plaintiff relies, Itemized Statement at [3], in Dr. Ray's June 30, 2009, note merely records the plaintiff's subjective statement of her symptoms, as it follows the heading "Reason(s) for visit." Record at 626. Dr. Ray did not address the migraine headaches during that visit, *id.*, supporting the conclusion that the note does not reflect any diagnosed increase in the severity of the plaintiff's migraine headaches. The plaintiff takes nothing by this alleged "oversight" by the administrative law judge.

The plaintiff devotes the majority of her argument with respect to her second identified issue to the notes of Margaret Braga, her "treating licensed psychological counselor." Itemized Statement at [3]-[5]. She correctly observes that Braga is "not an 'acceptable medical source'" under Social Security regulations. *Id.* at [4]; so C.F.R. § 404.1513(a). This means that evidence provided by Braga cannot be used to establish the existence of an impairment, but may be used to show the severity of any impairments and how they affect the plaintiff's ability to work. 20 C.F.R. § 404.1513(a) & (d). While such evidence certainly must be considered, there is no legal requirement that the administrative law judge mention each of the findings, observations, or conclusions of any such treating source in his or her opinion. Of course, Braga's opinion that the plaintiff "is unable to work even though she has tried on several occasions to work in local stores[,]" Record at 658, is an opinion on a question that is reserved to the commissioner, 20

C.F.R. § 404.1527(e), and does not constitute evidence for the purposes of evaluating a claim for Social Security benefits.

In this case, the administrative law judge devoted over a page of single-spaced text in his opinion to consideration of Braga's notes and opinions. He notes internal inconsistencies in those materials and particularly notes the contemporaneous notes of two treating physicians, Dr. Ray, Record at 501, to the effect that the plaintiff's mental status was "stable" in January and February 2009 and Kathryn Galbraith, M.D., to the effect that that she exhibited no unusual anxiety or evidence of depression in October 2007, *id*. at 521, 531 (quoted by administrative law judge, *id*. at 14-15). The administrative law judge's discussion of his reasons for rejecting Braga's conclusions about the effect of the plaintiff's mental impairment on her ability to perform work-related activities is sufficient.[3]

### C. Step 4

The plaintiff first contends that the administrative law judge "failed to credit the severe impairments which[,] at Step 2, he found Plaintiff has. . . . Sin[c]e the [administrative law judge] identified these conditions as 'severe', they must have an articulable and important, limiting effect on Plaintiff's ability to perform these remaining prior jobs." Itemized Statement at [6]. No authority is cited in support of this assertion. She goes on to argue that "it is illogical to think that Plaintiff has the physical ability to work" at her past relevant jobs because "[e]ach of th[ese] jobs requires Plaintiff to stand most of the day, walk, bend, move her back and neck freely, and

---

[3] At oral argument, the plaintiff's attorney criticized the administrative law judge's assertion that the plaintiff "began counseling on or about April 2008[,]" Record at 14, well after she filed her application for benefits, *id*. at 7. The Mental Impairment Questionnaire completed by Braga indicates that the plaintiff attended "semi-regular[ly]" a monthly support group from 1995 through 2004, had monthly individual therapy from September 2001 through April 23, 2007, and began weekly individual therapy on April 2, 2008. Record at 652. Assuming that Braga was involved in all of this treatment, a fact not clear from the entries on the questionnaire, I see no suggestion in the administrative law judge's opinion that the length of the plaintiff's treatment relationship with Braga had any effect on his evaluation of Braga's opinions about the work-related limitations imposed by the plaintiff's acknowledged mental impairments.

7

for the rehabilitation trainer, rehabilitation specialist, wait staff, and fast food cook, to lift frequently." *Id*. Again, there is no citation to authority to support these characterizations of the physical requirements of the plaintiff's past relevant work.

In the field of Social Security law, decisions do not rest on a determination that a particular conclusion is "illogical." The basis for Social Security decision-making is published authority, such as regulations, case law, Social Security Rulings, and the Dictionary of Occupational Titles. The plaintiff's argument on this point cannot be sustained in the absence of citation to any such authority.[4] It is not enough to say, in conclusory fashion, that the plaintiff's severe impairments, as found to exist by the administrative law judge, "plainly prevent Plaintiff from performing any of the past relevant work identified by the vocational expert." *Id.* at [6].

At oral argument, the plaintiff's attorney contended that the administrative law judge had mischaracterized her testimony about the effects of her obesity when he said that she was "'uncertain' how her weight affects her physical residual functional capacity." Record at 12. It is not necessary for the court to decide whether or not this is a mischaracterization of her testimony, however, because the plaintiff has not demonstrated that this statement is the sole, or even the primary, reason for the administrative law judge's conclusions about her physical residual functional capacity. I see no use of this piece of information in the written opinion. Nor do I accept the assertion of the plaintiff's attorney at oral argument that the administrative law judge was required to conclude, based solely on the plaintiff's testimony, that her obesity

---

[4] The plaintiff does cite Social Security Ruling 82-62 in support of her contention that the administrative law judge's reliance on her past work as a telephone solicitor was erroneous because that work did not meet the income requirements for substantial gainful activity, which is a necessary prerequisite to a finding that a given job, as the claimant performed it, was past relevant work. At oral argument, counsel for the commissioner conceded that the administrative law judge erred in finding that this job constituted past relevant work. However, this error by the administrative law judge, contrary to the plaintiff's assertion, Itemized Statement at [5], does *not* constitute reversible error. The telephone solicitor job is only one of five that the administrative law judge found to be available to the plaintiff as past relevant work. If the telephone solicitor job is removed, four still remain. Any error in including the telephone solicitor job on the list was, at most, harmless error under these circumstances.

resulted in such limited mobility that she could not perform any of her past relevant work. Counsel did not cite any medical evidence in support of this argument, and, in response to my question, conceded that there is no such medical evidence in the record.

The plaintiff has not established any error at Step 4.

### D. Step 5

The administrative law judge discussed a possible alternate finding, at Step 5 of the evaluative process, but did not make a finding specific to that Step. Record at 16-17. The plaintiff devotes three single-spaced pages of her itemized statement to an attack on this "identifi[cation]" of "other occupations a person with the same education, age, past relevant work experience, and RFC as the claimant [could do.]" Itemized Statement at [6]-[8]. Because I find that the commissioner's decision at Step 4 must be upheld, it is not necessary to reach this issue.

### Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

#### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 16th day of December, 2010.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge